Michael F. O'Connor, Esq. MO/7732
561 Broadway
Bayonne, New Jersey 07002
(201) 455-7002
oconnorlawmail@gmail.com

*Attorney for Plaintiff-Creditor*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X
In re:                                              :    Chapter 7
                                                    :
MICHAEL A. URBINO,                                  :    Case No. 15-19699 (VFP)
                                                    :
                        Debtor.                     :
-------------------------------------------------------X
DUSTIN MARK MACOLOR,                                :
                                                    :
                        Plaintiff,                  :    Adversary Proceeding No.
                                                    :
            -vs-                                    :
                                                    :
MICHAEL A. URBINO,                                  :
                                                    :
                        Defendant.                  :
-------------------------------------------------------X

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY
AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO
SECTIONS 523 AND 727 OF THE BANKRUPTCY CODE**

Plaintiff DUSTIN MARK MACOLOR, by his undersigned attorney, alleges as follows:

### Jurisdiction

1.  On May 22, 2015, the Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey.

2. As of the date of this Complaint the Debtor has not been granted a discharge.

3. This Complaint is timely because the date by which a complaint objecting to the Debtor's discharge or to determine dischargeability of a debt expires on August 24, 2015.

4. This is an adversary proceeding in which the plaintiff-creditor is objecting to the Debtor's discharge under Bankruptcy Code §§ 727(a)(2), 727(a)(3), and 727(a)(4), and is seeking a determination as to the non-dischargeability of the debt owed by the Debtor to plaintiff under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6).

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code §§ 523 and 727.

6. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 157(b)(2)(J).

### The Parties

7. Plaintiff DUSTIN MARK MACOLOR ("Macolor") is a former employee of the Debtor.

8. Defendant MICHAEL A. URBINO ("Urbino") is the Debtor in the above-captioned case.

### The Debtor's Fraud and the Pending Lawsuit in the U.S. District Court for the Southern District of New York

9. On June 24, 2014, plaintiff commenced a lawsuit against the Debtor and four other defendants in the United States District Court for the Southern District of New

York, under the caption *Macolor v. Libiran, et al.*, 14 Civ. 4555 (JMF) (S.D.N.Y.) (the "District Court Action").

10. The complaint in the District Court Action alleges claims against the Debtor for violations of the Trafficking Victims Protection Act (TVPA), 18 U.S.C. §§ 1589, *et seq.*, the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, and the New York State Labor Law, N.Y. Lab. L. §§ 650, *et seq.*, and for breach of contract, fraud, unjust enrichment, and *quantum meruit* under New York common law.

11. The complaint in the District Court Action alleges that the Debtor obtained plaintiff's services by false pretenses, false representations, and actual fraud other than a statement respecting the Debtor's financial condition.

12. The complaint in the District Court Action alleges that the Debtor committed fraud against the plaintiff while the Debtor was acting in a fiduciary capacity.

13. The complaint in the District Court Action alleges that the Debtor willfully and maliciously caused injury to the plaintiff and his property.

14. On April 20, 2015, the parties in the District Court Action filed their final pretrial statements.

15. On April 29, 2015, U.S. District Judge Jesse M. Furman entered an Order in the District Court Action directing the parties to be ready for trial commencing on June 1, 2015.

16. On May 22, 2015, the Debtor filed the Petition in this Court for relief under chapter 7 of Title 11 of the United States Code.

17.　On July 17, 2015, this Court granted plaintiff's motion for relief from the automatic stay to allow the District Court Action to proceed to final judgment.

18.　On July 30, 2015, U.S. District Judge Jesse M. Furman entered an Order in the District Court Action scheduling a final pretrial conference for September 10, 2015, and scheduling the trial to commence on September 16, 2015.

19.　The Debtor is indebted to plaintiff, in amounts to be determined at trial, for each of the claims alleged in the complaint in the District Court Action.

### The Debtor's Concealment of Assets and Income From His Ownership and Control of a Restaurant

20.　Since at least May 17, 2013, the Debtor has owned, controlled, operated, managed, and earned a substantial cash income from Pal Inasal in Jersey City, New Jersey. Pal Inasal is one of the most popular Filipino-American restaurants and nightclubs the New Jersey/New York metropolitan area.

21.　The Debtor's ownership interest in Pal Inasal is held through My Peticole Food Network, LLC, a limited liability company organized under the laws of the State of New Jersey. Documents filed with the State of New Jersey list the Debtor's daughter, Mary Urbino, as a principal of the LLC. The address listed with the State of New Jersey for service of process on the LLC is the Debtor's home address.

22.　Upon information and belief, the Debtor is the true owner of My Peticole Food Network, LLC.

23.　Upon information and belief, the Debtor caused documents to be filed with the State of New Jersey listing his daughter as a principal of the LLC in order to conceal the Debtor's ownership and control of the LLC and the restaurant.

24. The Debtor has not disclosed in these bankruptcy proceedings his ownership, control, operation, and management of the restaurant and the LLC.

25. The Debtor has not disclosed in these bankruptcy proceedings his income from the restaurant and LLC.

### The Debtor's Concealment of Assets and Income From His Ownership and Control of A Healthcare Staffing Company

26. Since at least November 5, 2014, the Debtor has owned, controlled, operated, managed, and earned a substantial cash income from Alternative Healthcare Ventures in America Staffing Solutions, LLC (AHVIA). The company is a healthcare staffing agency.

27. The Debtor is listed as a principal of AHVIA in documents filed with the State of New Jersey.

28. The Debtor's wife, Gina Urbino, is listed with the State of New Jersey as the agent for service of process on the company. The address listed with the State of New Jersey for service of process on AHVIA is the Debtor's home address.

29. AHVIA is engaged in the same business as the companies that the Debtor used to commit fraud against the plaintiff. AHVIA is engaged in the same business as the companies that are named as defendants in the District Court Action.

30. The Debtor has not disclosed in these bankruptcy proceedings his ownership, control, operation, and management of AHVIA.

31. The Debtor has not disclosed in these bankruptcy proceedings his income from AHVIA.

32. Upon information and belief, the Debtor caused AHVIA to be formed, and did business under the name AHVIA, with an intent to hinder, delay, or defraud a creditor or an officer of the estate.

### First Claim for Relief

**Non-Dischargeability of the Debt Owed to Plaintiff,
as Alleged in the District Court Action,
Pursuant to Section 523(a)(2)(A) of the Bankruptcy Code**

33. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 32 above as if fully set forth herein.

34. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

> A discharge under section 727, 1141, 1228(a),
> 1228(b) or 1328(b) of this title does not discharge an
> individual debtor from any debt— . . .
> (2) for . . . services . . . to the extent obtained by—
> (A) false pretenses, a false representation or actual fraud,
> other than a statement respecting the debtor's or an
> insider's financial condition . . . .

35. All or part of the debt owed to plaintiff, as alleged in the District Court Action, is non-dischargeable because it is a debt for services that were obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code §§ 523(a)(2)(A).

### Second Claim for Relief

**Non-Dischargeability of the Debt Owed to Plaintiff,
as Alleged in the District Court Action,
Pursuant to Section 523(a)(4) of the Bankruptcy Code**

36. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 35 above as if fully set forth herein.

37. Bankruptcy Code § 523(a)(4) provides, in relevant part, that:

>A discharge under section 727, 1141, 1228(a),
>1228(b) or 1328(b) of this title does not discharge
>an individual debtor from any debt— . . .
>(4) for fraud or defalcation while acting in a
>fiduciary capacity . . . .

38. All or part of the debt owed to plaintiff, as alleged in the District Court Action, is non-dischargeable because it is a debt for fraud or defalcation while the Debtor was acting in a fiduciary capacity within the meaning of Bankruptcy Code § 523(a)(6).

### Third Claim for Relief

### Non-Dischargeability of the Debt Owed to Plaintiff, as Alleged in the District Court Action, Pursuant to Section 523(a)(6) of the Bankruptcy Code

39. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 38 above as if fully set forth herein.

40. Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

> A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt— . . .
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity . . . .

41. All or part of the debt owed to plaintiff, as alleged in the District Court action, is non-dischargeable because it is a debt for willful and malicious injury caused by the Debtor within the meaning of Bankruptcy Code § 523(a)(6).

### Fourth Claim for Relief

### Objection to Debtor's Discharge Pursuant to Section 727(a)(2) of the Bankruptcy Code

42. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 41 above as if fully set forth herein.

43. Bankruptcy Code § § 727(a)(2) provides that:

> The court shall grant the debtor a discharge, unless . . .
> the debtor with intent to hinder, delay, or defraud a
> creditor or an officer of the estate charged with custody
> of property under this title has . . . concealed—
> (A) property of the debtor, within one year before
> the date of the filing of the petition; or
> (B) property of the estate, after the date of the filing
> of the petition . . . .

44. The Debtor concealed his ownership, control, operation, and management of the restaurant known as Pal Inasal.

45. The Debtor concealed income received from the restaurant known as Pal Inasal.

46. The Debtor concealed his ownership, control, operation, and management of My Peticole Food Network, LLC.

47. The Debtor concealed income received from My Peticole Food Network, LLC.

48. The Debtor concealed his ownership, control, management, and operation of Alternative Healthcare Ventures in America Staffing Solutions, LLC (AHVIA).

49. The Debtor concealed income received from AHVIA.

50. Upon information and belief, the Debtor acted with an intent to hinder, delay, or defraud a creditor or an officer of the estate.

51. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(2).

### Fifth Claim for Relief

**Objection to Debtor's Discharge
Pursuant to Section 727(a)(3) of the Bankruptcy Code**

52. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 51 above as if fully set forth herein.

53. Bankruptcy Code § § 727(a)(3) provides that:

> The court shall grant the debtor a discharge, unless . . . the debtor has concealed . . . any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained . . . .

9

54. The Debtor concealed recorded information, including books, documents, records, and papers, from which his ownership, control, operation, and management of the restaurant known as Pal Inasal might be ascertained.

55. The Debtor concealed recorded information, including books, documents, records, and papers, from which income he received from the restaurant known as Pal Inasal might be ascertained.

56. The Debtor concealed recorded information, including books, documents, records, and papers, from which his ownership, control, operation, and management of My Peticole Food Network, LLC, might be ascertained.

57. The Debtor concealed recorded information, including books, documents, records, and papers, from which income he received from My Peticole Food Network, LLC, might be ascertained.

58. The Debtor concealed recorded information, including books, documents, records, and papers, from which his ownership, control, operation, and management of Alternative Healthcare Ventures in America Staffing Solutions, LLC (AHVIA), might be ascertained.

59. The Debtor concealed recorded information, including books, documents, records, and papers, from which income he received from AHVIA might be ascertained.

60. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(3).

### Sixth Claim for Relief

### Objection to Debtor's Discharge
### Pursuant to Section 727(a)(4) of the Bankruptcy Code

61. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 45 above as if fully set forth herein.

62. Bankruptcy Code § 727(a)(4)(A) provides that:

> The court shall grant the debtor a discharge, unless . . .
> (4) the debtor knowingly and fraudulently, in or in
> connection with the case—
> (A) made a false oath or account . . . .

63. The Debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that he represented on Official Form B 61, Schedule 1, attached to his Petition, that he was unemployed and that his only sources of income were his unemployment benefits and his wife's compensation as a medical technician, when in fact he received income from his interests in and management of the Pal Inasal restaurant and nightclub, My Peticole Food Network, LLC, and Alternative Healthcare Ventures in America Staffing Solutions, LLC.

64. The Debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that he represented on Official Form B 61, Schedule 1, attached to his Petition, that he and his wife earned a monthly income of $7,483.83, when in fact their combined income was much higher.

65. The Debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that he failed in the Statement of Financial Affairs attached to his Petition to disclose his ownership and control of the Pal Inasal restaurant

11

and nightclub, My Peticole Food Network, LLC, and Alternative Healthcare Ventures in America Staffing Solutions, LLC.

66. By virtue of the Debtor's false representations and omissions, and the oath he took concerning the veracity of his submissions, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(4)(A).

### Prayer for Relief

WHEREFORE, plaintiff respectfully requests that this Court enter a Judgment determining that the debt the Debtor owes to plaintiff, as alleged in the District Court Action, is non-dischargeable under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6) or, in the alternative, denying the Debtor's discharge under Bankruptcy Code §§ 727(a)(2), 727(a)(3), and 727(a)(4), and granting plaintiff such other and further relief as this Court may deem just and proper.

Dated: New York, New York
August 19, 2015

MICHAEL F. O'CONNOR

By: _____
Michael F. O'Connor
Attorney ID # MO/7732
*Attorney for Plaintiff-Creditor*
561 Broadway
Bayonne, New Jersey 07002
(201) 455-7002
oconnorlawmail@gmail.com